**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOKIO MARINE & NICHIDO FIRE INSURANCE CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> FLASH EXPEDITED SERVICES, INC., <br><br> Defendant. | CIVIL ACTION NO. 11-6109 (MLC) <br><br> **O P I N I O N** |

**THE PLAINTIFF**, Tokio Marine & Nichido Fire Insurance Co. Ltd. ("Tokio Marine") brings this action as subrogree for its insured, Nikon, Inc. ("Nikon"), against the defendant, Flash Expedited Services, Inc. ("Flash"). (See generally dkt. entry no. 1, Compl.) The action is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, et seq. ("Carmack Amendment"). (See id. at ¶ 3.) See also 49 U.S.C. § 14706(a)(1).

**THE COURT** earlier ordered the parties to show cause why the action should not be transferred to the United States District Court for the Southern District of Ohio. (See dkt. entry no. 20, 10-24-12 Order to Show Cause ("OTSC") at 5.) Both parties have responded to the OTSC; only Tokio Marine opposes transfer. (See dkt. entry no. 21, Flash Resp. to OTSC; dkt. entry no. 22, Tokio Marine Resp. to OTSC.) The Court now resolves the OTSC on the papers. See L.Civ.R. 78.1(b).

**THE COURT** earlier recited the facts relating to the resolution of the OTSC.  (See OTSC at 2-3.)  Nikon retained a property broker, Ground Freight Expeditors LLC ("GFE"), and instructed GFE to transport a truckload of digital cameras ("the Load") from Louisville, Kentucky to Jamesburg, New Jersey.  GFE brokered the Load to a second property broker, Forward Air, Inc. ("FAI").  FAI, in turn, brokered the Load to a motor carrier, Flash.

**FLASH**, acting through certain truck drivers ("the Drivers"), accepted and transported the Load to a truck stop in Jefferson, Ohio ("the Truck Stop").  The Drivers left the Load unattended at the Truck Stop for approximately two hours.  During that time, the Load was stolen from the Truck Stop.  Tokio Marine alleges that the Load was not recovered and it thus compensated Nikon for the full value of the Load, i.e., $361,864.32.

**FLASH** moved for summary judgment in its favor and against Tokio Marine, arguing that its liability is limited to $1,566.00.  (See dkt. entry no. 12, Mot. for Summ. J.; see also dkt. entry no. 12-1, Br. in Supp.)  Before addressing the Motion, the Court sua sponte reviewed the record to ensure that venue was proper.[1]

---

[1] As noted in the OTSC, the Court earlier reviewed the action to ensure that venue was proper.  But the Court's review was hampered by the Complaint, wherein Tokio Marine failed to allege that the Load was stolen in Ohio.  The Court first learned that action related to a venue other than the District of New Jersey when reviewing the papers filed upon the Motion.

2

**THE COURT** notes than an action brought pursuant to the Carmack Amendment may be brought in federal district court in a judicial district: (1) through which the defendant motor carrier operates, if the defendant motor carrier is the "delivering carrier"; or (2) where the loss or damage occurred, if the defendant motor carrier is the "carrier responsible for loss." 49 U.S.C. § 14706(d)(1)-(2). Tokio Marine here alleges that Flash is both the delivering carrier and the carrier responsible for loss. (See, e.g., Tokio Marine Resp. to OTSC at 3, 5.) Venue in this action is thus appropriate in the judicial district where the loss occurred, i.e., the Southern District of Ohio. See 49 U.S.C. § 14706(d)(2); Donaldson Tech. Grp. LLC v. Landstar Ranger, Inc., 347 F.Supp.2d 525, 527 (S.D. Ohio 2004) (venue appropriate in Carmack Amendment action in judicial district where damage or loss occurs). Venue is also appropriate in any judicial district where Flash operates, such as the District of New Jersey. See 49 U.S.C. § 14706(d)(1). (See also Tokio Marine Resp. to OTSC at 3 (noting that Flash contracted to transport the Load to New Jersey and is licensed to do business in New Jersey).)

**BUT A PLAINTIFF'S** unfettered choice of forum under 49 U.S.C. § 14706(d)(1), in any forum where a defendant carrier operates, "could lead to an absurd result, such as a carrier being sued in a state that otherwise bears no connection to the parties or the

3

shipments at issue". See RLI Corp. v. FedEx Ground Package Sys., No. 10-2161, 2012 U.S. Dist. LEXIS 58400, at *7 (D.N.J. Apr. 26, 2012) (citation omitted) (internal quotation marks omitted). District courts thus have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer" of venue. Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995) (discussing district court powers under 28 U.S.C. § 1404(a)); see RLI Corp., 2012 U.S. Dist. LEXIS 58400, at *3, 7. District courts may "in the interests of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); see Jumara, 55 F.3d at 875, 877 n.3, 883. When determining whether to transfer venue, the Court should consider, inter alia, the plaintiff's original choice of venue, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties, the extent to which witnesses may be unavailable for trial, the location of books and records, and "the local interest in deciding local controversies at home". Jumara, 55 F.3d at 879.

**THE COURT** has considered the Jumara factors and has concluded that the action would more properly have been brought before the United States District Court for the Southern District of Ohio.

In reaching this conclusion, the Court notes but gives little weight to Tokio Marine's choice of forum because Tokio Marine is not a citizen of the forum state.  (See Compl. at ¶ 1 (showing that Tokio Marine is a corporation deemed to be a citizen of New York).) See also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981); Windt v. Qwest Commc'ns Int'l, Inc., 529 F.3d 183, 190 (3d Cir. 2008); Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000) ("The choice of forum by a plaintiff is simply a preference; it is not a right.").  The Court also notes that Flash does not oppose transfer of the action to the Southern District of Ohio.  (See Flash Resp. to OTSC at 1-2.)  See also Jumara, 55 F.3d at 879.

**THE COURT** also gives little weight to Tokio Marine's choice of forum because it appears that Tokio Marine's claims arose in Ohio. See Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F.Supp. 324, 327 (D.N.J. 1995) (stating that plaintiff's venue choice is entitled to less deference "when the central facts of a lawsuit occur outside of the chosen forum").  The action concerns Flash's liability for loss of the Load, which was transported only so far as and then stolen in Ohio.  (See generally Compl.)

**SEVERAL OTHER** of the Jumara factors weigh neither in favor or nor against transfer.  "The convenience of witnesses and the location of books and records are a non-issue; discovery was

completed without undue burden on either party.  Further . . . no witnesses are located in Ohio and an inspection of the truck stop in Jefferson, Ohio is not required."  (Tokio Marine Resp. to OTSC at 5.)  But it nonetheless appears that the United States District Court for the Southern District of Ohio has the stronger interest in deciding the action, based upon "the local interest in deciding local controversies at home".  See Jumara, 55 F.3d at 879.

    **THE COURT**, for good cause appearing, will grant the OTSC and issue an appropriate Order.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Date:    November 15, 2012